# Thermo Water Lift Co., Appellant, *v.* Air Tight Steel Tank Co.

*Judgment—Opening judgment—Practice, C. P.—Trial without notice to counsel—Discretion—Act of 1915, P. L. 483.*

There is no abuse of discretion by the court below in opening a judgment entered on a verdict for plaintiff, in a case begun before the Practice Act of 1915 became effective, where it appears defendant's counsel, believing that the old practice controlled, after filing an affidavit of defense, awaited a rule to plead, and plaintiff's counsel placed the case at issue and proceeded to trial ex parte, without defendant's counsel having any notice thereof.

Argued October 11, 1921. Appeal, No. 58, Oct. T., 1921, by plaintiff, from order of C. P. Allegheny Co., July T., 1915, No. 1904, making absolute rule to open judgment, in case of Thermo Water Lift Co. v. Air Tight Steel Tank Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Rule absolute: 68 Pitts. L. J. 710. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*Walter Lyon,* for appellant.

*Harry J. Nesbit,* with him *Oliver P. Scaife, Jr.,* for appellee.

PER CURIAM, January 3, 1922:

Plaintiff appeals from an order opening a judgment.

The summons was issued June 5, 1915, and an appearance was entered for defendant. March 6, 1919, statement of claim was filed, and March 20, 1919, defendant put in its affidavit of defense. Counsel for defendant, believing that,—because suit had been entered before the Practice Act of 1915 went into effect,—the old practice controlled, and that the next step would be a rule to plead, awaited such action by plaintiff's attorney, who, however, put the case at issue. Defendant's attorney had no actual notice the case was on the trial list, and no attempt was made by counsel on the other side to inform him when it was called and a jury selected; hence the trial proceeded ex parte, resulting in a verdict, May 6, 1920, for $87,461.63, in favor of plaintiff. The first notice to defendant of the adverse verdict was on May 17, 1920, and four days later, May 21, 1920, within the term, defendant filed its petition to open the judgment, upon which a rule was granted, and subsequently made absolute, the court below saying it would treat the judgment as though "won by default." Under the circumstances, there was no abuse of discretion: Fuel City Manufacturing Co. v. Waynesburg Products Corporation, 268 Pa. 441.

The appeal is dismissed.