# Curran *v.* James Regulator Company, Appellant.

Argued December 6, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*James W. Scanlon,* with him *Charles E. Berger,* for appellant.

*Joseph G. Seesholtz,* for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

The workmen's compensation authorities made an award for death; the employer appealed to the court of common pleas of Schuylkill County. Without considering the merits of the appeal, the court, on December 7, 1942, entered judgment against the employer in the amount of $9,119.65 because counsel for the employer had failed to comply with a rule of court requiring him to furnish a paper book to opposing counsel five days before the argument. The excuse was that counsel for the employer did not know that the case was listed for argument and did not learn of the judgment until January 21, 1943.

On January 25, 1943, counsel of record for the employer filed a petition to strike off the judgment which, in substance, however, was a petition to open and we shall so regard it. *King v. Brooks,* 72 Pa. 363, 364. Although, perhaps not of paramount importance, it seems to be clearly established that chief counsel for the employer was James W. Scanlon, Esq., of Scranton, and that the attorney of record was merely acting as local counsel, the hearings before the compensation authorities having been conducted and, in contemplation, the appeal would be argued by Mr. Scanlon. Counsel of record is apparently a reputable member of the Schuylkill County Bar of ten years' standing. In his deposition, he stated that this was the first appeal in a workmen's compensation case in which he had ever participated. His neglect of the case, which he frankly admitted, was partly due to an erroneous assumption that the case would not be listed for argument until either he or opposing counsel ordered it on the list and

partly due to the pressure of other work. There was conflicting evidence in the depositions as to whether he was actually in the court room when the case was called.

On July 26, 1943, the court discharged the rule. This appeal followed.

Although the court, in its opinion, stated that there was no averment in the petition that Mr. Scanlon was likewise ignorant of the fact that the case had been listed for argument, Mr. Scanlon stated to us, at the time of the oral argument, that he not only had no knowledge of the listing, but did not know of the subsequent proceedings to open the judgment until after the rule had been discharged and that he thereupon immediately took the present appeal. We accept as true that statement by a reputable officer of this court.

"It is well settled in Pennsylvania, that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits." *Fuel City Mfg. Co. v. Waynesburg P. C.,* 268 Pa. 441, 444, 112 A. 145. The court has broad powers in construing its own rules. *Rader v. Keiper,* 285 Pa. 579, 584, 132 A. 824. But the power to suspend them when such action is not prejudicial to the other party *(McFadden v. Pennzoil Co.,* 326 Pa. 277, 279, 191 A. 584), should not be overlooked. "A court ought not to enforce its rules so rigidly as to produce injustice." *Gorman v. Sullivan,* 84 Pa. Superior Ct. 161, 163, quoting Chief Justice GIBSON in *Sterling v. Ritchey,* 17 S. & R. 263, 264. If the court had promptly opened this judgment as requested, given counsel a reasonable opportunity to appear and be heard and, with equal promptness, had decided the case on the merits, appellee could scarcely have complained of prejudice. Under the circumstances, blind adherence to a local rule should not deprive a party of his day in court.

*Sterling v. Ritchey,* supra; *Magill's Appeal,* 59 Pa. 430; *Fuel Mfg. Co. v. Waynesburg P. C.,* supra. Even after a case has been tried on the merits, the absence of counsel through an oversight has been held to be ground for relief. *Horning v. David,* 137 Pa. Superior Ct. 252, 8 A. (2d) 729; *Thermo Water Lift Co. v. Air Tight Steel Tank Co.,* 272 Pa. 91, 116 A. 54.

We cannot refrain from making one further observation. It has to do with the conduct of counsel for the appellee. Canon 25 of the Canons of Ethics of the American Bar Association provides: "A lawyer should not ignore known customs or practice of the Bar or of a particular Court, even where the law permits, without giving timely notice to the opposing counsel." All the members of this court were once practicing lawyers. We are proud of the high level of courtesy and consideration shown to each other by lawyers throughout the commonwealth. From our knowledge of many of its members, the bar of Schuylkill County is no exception. We assume, therefore, because a high sense of moral obligation would impel it, that, by custom, one member of that bar would not, except in the rarest circumstances, apply for a default judgment without giving to his opponent fair notice of his intention to do so and an opportunity to be heard. This court never quashes or dismisses an appeal for failure to comply with its rules without inquiring of counsel who makes the application whether his opponent has been notified. And unless we are informed that the opponent consents, we defer action until he is given an opportunity to appear. If appellant's counsel of record was present in court when the motion for judgment was made and his attention was not called, it was, in our opinion, an aggravation of the failure not to warn him in advance. Counsel for appellee has, throughout, shown a lack of that professional spirit which, transcending the requirements of the letter of the law, has characterized, and

in so doing has impressed with greatness, our profession. The dereliction of appellant's counsel in the present case was entirely without culpability and prejudiced none of appellee's rights, yet the advantage taken of it, if not thwarted, might subject a reputable member of the bar to liability to his client for a large sum of money and the impairment of his professional standing.

The court incorrectly felt that it had no power to open the judgment because the term in which it was entered had expired at the time the petition was filed. A judgment entered adversely after hearing or trial cannot be opened after the end of the term. *Pennsylvania Stave Company's Appeal,* 225 Pa. 178, 180, 73 A. 1107. But this is not true of a judgment entered in a statutory proceeding or by default. *Kantor v. Herd,* 276 Pa. 519, 524, 120 A. 450; *M. A. Long Co. v. Keystone P. C. Co.,* 302 Pa. 308, 312, 153 A. 429; *Salus v. Fogel,* 302 Pa. 268, 271, 272, 153 A. 547; *Dormont Motors Inc. v. Hoerr,* 132 Pa. Superior Ct. 567, 1 A. ('2d) 493; *King v. Brooks,* supra. And where the entire record is before the court, as here, the reasons for requiring that the petition set forth a meritorious defense (*Caromono v. Garman,* 147 Pa. Superior Ct. 1, 23 A. (2d) 92) do not exist; the means of determining that question are fully in the possession of the court.

Claimant's final contention is also without merit. The legislature, by the Act of June 21, 1939, P. L. 520 §1, 77 PS §901, gave this court jurisdiction of all appeals in workmen's compensation cases irrespective of the amount involved. When the judgment was entered it was not transferred to a vacuum, freed of the proceedings which led up to it and, therefore, appealable to the Supreme Court; it was still a judgment in a workmen's compensation case and, as such, appealable to this court.

We are of one mind that the judgment cannot stand.

The judgment is vacated and it is directed that the court proceed to hear and determine the case on its merits.