Opinion by
Arnold, J.,
The court below opened a default judgment taken by plaintiff on defendants’ failure to file a timely answer. The plaintiffs appealed. The order will be affirmed.
Plaintiffs filed a complaint to recover damages (1) for an alleged breach of a warranty contained in a deed, with damages of $132.00; and (2) for alleged fraudulent representations, claiming damages of $2,150.00. Defendants’ preliminary objections (under Pa. R. C. P. *620 1017 (b)) were to the blending of a tort action with an action of assumpsit in the complaint. On these objections defendants prayed for additional time to answer on the merits if the objections were overruled. The court made an order dismissing the objections on condition that plaintiffs, within 30 days, file an election as to which cause of action they intended to try.
Plaintiffs filed a paper “elect [ing] to try the . . . cause on Breach of Warranty, in Assumpsit.” Some ten weeks later, no answer having been filed to the original complaint, plaintiffs took a default judgment and liquidated damages alleged in both the assumpsit count and the tort count. Defendants promptly moved to open, alleging that counsel were under the belief that no answer was required until an amended complaint was filed, since they were not required to answer a count sounding in tort. The plaintiffs replied to the petition but did not deny that plaintiffs’ counsel, rightly or wrongly, were misled by the court’s order. The court then opened the judgment and this appeal followed.
There was no abuse of the court’s discretion. In fact we may say that it will be an extraordinary occasion when we will reverse a court for opening a snap judgment, taken by default, without communication to counsel of record.. This matter was discussed in Curran v. James Regulator Company, 154 Pa. Superior Ct. 281, 36 A. 2d 187, in which Judge Kenworthey quoted the 25th Canon of Ethics of the American Bar Association, and then observed: “All the members of this court were once practicing lawyers. We are proud of the high level of courtesy and consideration shown to each other by lawyers throughout the commonwealth. Prom our knowledge of many of its members, the bar [of the court below] ... is no exception . . . [and] that, by custom, one member of that bar would not, except in the rarest circumstances, apply for a default judgment *621 without giving to his opponent fair notice of his intention to do so . . .” From our knowledge of many of the bar of Somerset County, its members have that same-high level of courtesy and consideration shown to each other by practicing lawyers throughout the State.
Order affirmed.