## Oxford Furniture Company et al. v. Southern Pennsylvania Power Company

*W. D. Harkins, H. M. Schell* and *G. A. Troutman,* for plaintiffs.

*A. Littleton* and *R. P. Brown,* for defendant.

BOK, P. J., June 21, 1952.—Facts: Mistrial on Tuesday; four days to file bill of costs under C. P. Rule 308; prothonotary's office closes at noon on Saturday; defendant filed its bill on Monday; exceptions filed by plaintiff; prothonotary sustained the exceptions and refused to tax defendant's bill; this appeal followed.

Rules of procedure are remedial and should be liberally construed to accomplish their purpose:

Simodejka v. Williams, 360 Pa. 332 (1948).

Pennsylvania Rules of Civil Procedure 126 provides:

"The rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

The court is reluctant to foreclose a party because of the failure or neglect of his counsel when obvious injustice will be done: McFadden v. Pennzoil Corporation, 326 Pa. 277 (1937); Arzinger et al. v. Baughman et al., 348 Pa. 84 (1943); Curran v. James Regulator Company, 154 Pa. Superior Ct. 261 (1943).

Flisher v. Allen, 141 Pa. 525 (1891), cited by plaintiff, merely holds that a rule of court concerning costs is lawful and valid.

If the above considerations apply to the Rules of Civil Procedure, which bear the imprimatur of the Supreme Court, they certainly apply to a rule of the common pleas courts.

Rules of court are not intended to be nooses but orderly regulation. No prejudice or invasion of any substantial right of plaintiff is suggested. Defendant's counsel was a fraction of a day late, and this terrifying oversight is mitigated by the fact that Saturday was only half a day. Even if counsel should have known that he couldn't get into the prothonotary's office after noon on Saturday with any status short of burglary, it reduced his tardiness to the driest sort of technicality. A rule of court is somewhat less than an eternal verity of the law, and we regard this opinion as rather a waste of paper.

The appeal is sustained, and the prothonotary is directed to tax defendant's costs.