416 P.2d 558

**Allen THOMPSON, Appellant,**

**v.**

**Lucille P. MECEY, Administratrix of the Estate of Robert Louis Mecey, deceased, and Arle D. Mecey, Appellees.**

**No. 7980.**

Supreme Court of Arizona.

In Division.

July 13, 1966.

Rehearing Denied Sept. 20, 1966.

Abbott H. Goldenkoff, and Barry G. Crown, Phoenix, for appellant.

Kenneth S. Scoville, Phoenix, for appellees.

BERNSTEIN, Vice Chief Justice.

Appellant, hereinafter called defendant, appeals from an order of the Maricopa County Superior Court dismissing defendant's counterclaim without prejudice for failure to file a Certificate of Readiness as required by Rule V of the Uniform Rules of Practice of the Superior Court of Arizona, 17 A.R.S.

The facts essential to our decision show that appellees, hereinafter called plaintiffs filed an amended complaint February 15, 1961. Defendant filed an answer and counterclaim on May 1, 1961.

Rule V provides that "In every civil case, counsel for plaintiff shall, or counsel for any other party may, file * * * (a) Certificate of Readiness." The Certificate must be filed within one year after the commencement of the case. Rule V(d). If it is not filed within that period "The clerk of court or court administrator shall place (the case) on the Inactive Calendar * · */ *. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution, * * *". Rule V(d).

On May 4, 1962, more than one year after defendant filed his counterclaim, the Superior Court ordered approximately eighty cases including the instant case, placed on the Inactive Calendar because the parties had failed to file Certificates of Readiness. Pursuant to Rule V(e) the clerk of the court mailed notice to the parties that the case had been placed on the Inactive Calendar but neither plaintiffs or defendant-counterclaimant filed the Certificate. On July 16, 1962 the court dismissed the complaint and the counterclaim without prejudice. Defendant moved to set aside the July 16th order of dismissal which motion was finally denied, after several hearings, on April 4, 1963. This appeal followed.

Defendant contends the trial court abused its discretion in denying his motion and refusing to set aside the order dismissing the complaint and counterclaim. Cf. Campbell v. Deddens, 93 Ariz. 247, 379 P.2d 963. We cannot agree.

In the first place, although Rule V compels a "plaintiff" to file a Certificate, the word "plaintiff" obviously means the proponent of a claim. The party who resists a claim usually prefers to avoid or delay a trial on the merits. It is the proponent of a claim who is responsible for expeditiously prosecuting his case. Hence, the word "plaintiff" in Rule V includes a counterclaimant such as defendant in this case and requires him to file a Certificate. Defendant does not argue otherwise. Of course, the Rule does not require both a plaintiff and counterclaimant to file Certificates. The Rule is satisfied if either does so. Secondly, there is ample evidence to support the trial court's finding that defense counsel received proper notice when the case was placed on the Inactive Calendar. The facts show that notice was mailed by the clerk of the court. Upon such proof of mailing, a presumption arises that the notice was received. Consolidated Motors, Inc. v. Skousen, 56 Ariz. 481, 109 P.2d 41, 132 A.L.R. 1040, cert. den. 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507; 20 Am.Jur., Evidence, § 170. The record supports the trial court's finding that defendant failed to overcome the presumption. We cannot say the trial court abused its discretion in refusing to vacate the order dismissing the complaint and counterclaim.

Affirmed.

STRUCKMEYER, C. J., and McFARLAND, J., concur.