380 A.2d 1243

**Augustine K. LEE, Individually, and trading as Lee's Karate Institute, Appellee,**

**v.**

**CEL-PEK INDUSTRIES, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Dec. 2, 1977.

James H. Joseph and Joseph & Hershman, Pittsburgh, for appellant.

Glenn D. McGogney, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing the appeal of the defendants-appellants, Cel-Pek Industries, Inc., from an award of arbitration in favor of the plaintiff-appellee, Augustine K. Lee, individually and trading as Lee's Karate Institute, in the amount of $3000.00.

The plaintiff instituted an action in trespass claiming damages in an amount not to exceed $3000.00. The defendant filed a timely counterclaim of $199.00. The matter was submitted to arbitration and on the day scheduled for the arbitration hearing the appellant and its counsel failed to appear and the arbitrator entered an award in the amount of $3000.00 in favor of the plaintiff and dismissed the counterclaim. The defendant filed a timely notice of appeal and the case was placed for trial.

An appeal from arbitration under the Act of 1836, as amended, 5 P.S. § 71 is tried de novo. *Bell v. Shetrom*, 214 Pa.Super. 309, 257 A.2d 323 (1969); *Lanigan v. Lewis*, 210 Pa.Super. 273, 232 A.2d 50 (1967).

In such posture the court listed the case for conciliation hearing and trial on October 7, 1975. Penna. Rules of Civil Procedure 212. Neither the defendant or its counsel was

present for the hearing and trial and the court after telephoning the defendant, dismissed the appeal.

■ We sympathize with the trial court in trying to move forward a case that had been properly listed and called. Indeed, when applying court authority inherent in Penna. Rule of Civil Procedure 212, we find that counsel is under the same duty to appear at conciliatory or pre-trial conferences as he is to appear at trial. 2 Anderson Pa. Civil Practice § 212.4. In such cases we believe that Pa. Rule of Civil Procedure 218 applies. This is particularly true in the instant matter since it was called both for conciliation and trial on October 7, 1975. Rule 218 provides as follows:

"Where a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, *or the plaintiff may proceed to trial*, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize an attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

"If no party is ready for trial when a case is called, the court shall strike the case from the trial list." (Emphasis —the opinion writer)

■ The practice authorized by this rule to proceed with trial in the defendant's absence has been held to be reasonable and a proper practice which has been consistently followed subject to judicial discretion. *Meek v. Allen*, 162 Pa.Super. 495, 58 A.2d 370 (1948). We find no authority presented by the defendant for the ex parte dismissal of an appeal because of counsel's absence. The defendant may be subject to other sanctions as the court may see fit but the procedure employed by the court below cannot be approved. The plaintiff should have proceeded with the de novo trial in the defendant's absence as outlined in the rule.

Upon entry of judgment on the verdict, if it appears that the defendant had no adequate notice of the calling of the case for conciliation or trial, the judgment may be opened

upon the sound discretion of the lower court. *Thermo Water Lift Co. v. Air Tight Steel Tank Co.*, 272 Pa. 91, 116 A. 54 (1920).

The order of the court below dismissing the defendant's appeal is reversed with a procedendo.

HOFFMAN, J., concurred in the result.

SPAETH, J., filed a concurring and dissenting opinion.

SPAETH, Judge, concurring and dissenting:

I agree with the majority, that the order of the lower court must be reversed, but I disagree with the majority's reasoning, in particular with its statement that if a defendant or his attorney fails to attend a conciliation hearing scheduled under Rule 212, Rule 218 "applies." Majority Opinion at 570. Because of this disagreement, I should remand with somewhat different instructions than does the majority.

Rule 212 provides no sanctions, and I find nothing suggesting that sanctions are to be sought by reference to Rule 218. If a plaintiff or his attorney fails to attend a conciliation hearing, I should expect one or both of two sanctions to ensue: an order by the judge requiring the plaintiff's attorney to show cause why he should not be held for contempt; or a request by the defendant's attorney for a rule on plaintiff to show cause why the action should not be dismissed for failure to prosecute. If a defendant or his attorney fails to attend, a rule to show cause why the action should not be dismissed for failure to prosecute is not available, but an order by the judge requiring the defendant's attorney to show cause why he should not be held in contempt is. *See* Goodrich-Amram 2d § 212.6.

Rule 218 does provide sanctions. When a case is called for trial, if the plaintiff is not ready, the defendant may obtain non-suit: if the defendant is not ready, the plaintiff may proceed to trial.

I should therefore reverse and remand with the following instructions: The lower court should hold a hearing to

572

determine whether appellant, as the defendant, had received the notice that on the day in question the case was listed for conciliation hearing and was called for trial. If appellant did not receive the notice, the case should be re-listed for a conciliation hearing and called again for trial. If appellant did receive the notice, the court should decide, first, whether to require appellant's attorney to show cause why he should not be held in contempt, and whatever might be the court's decision in this regard, second, set the case down for a trial at which appellee, as the plaintiff, would be permitted to proceed to prove his case, with appellant not being permitted to participate.