623 P.2d 832

Glenn SUPPELAND, Plaintiff/Appellee,

v.

Raymond P. NILZ, Defendant/Appellant.

2 CA–CIV 3604.

Court of Appeals of Arizona, Division 2.

Dec. 3, 1980.

Rehearing Denied Jan. 14, 1981.

Review Denied Feb. 3, 1981.

Murphy & Hazlett by Howard T. Roberts, Jr., Tucson, for plaintiff/appellee.

Haber & Mitchell by Douglas P. Mitchell, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

This appeal presents the question of whether dismissal of an action without prejudice pursuant to 17A A.R.S., Super.Ct. Uniform Prac.Rules, rule V(d), for lack of prosecution, revives an earlier arbitration award as the final judgment in the case.

The plaintiff instituted suit which was set for compulsory arbitration. After an award for the plaintiff, defendant appealed to the superior court pursuant to A.R.S. Sec. 12–133. Trial was continued for various reasons, and after defendant moved for another continuance because a conflict of interest required his counsel to withdraw, the trial date was vacated and ordered to be reset "at the request of counsel." Eventually the matter was placed on the inactive calender pursuant to 17A A.R.S., Super.Ct. Uniform Prac.Rules, rule V(d).

Almost three months later, an order was entered dismissing the case without prejudice for lack of prosecution. Plaintiff filed a "Motion for Relief from Order" seeking amendment of the order of dismissal to include reinstatement of the arbitration award as the final judgment in the case. The trial court reinstated the arbitration award. After defendant's motion to reconsider or set aside dismissal was denied, he appealed to this court.

Arbitration of claims is governed by A.R.S. Sec. 12–133. The pertinent portions of that statute provide:

"C. The arbitration award shall be in writing, signed by a majority of the arbitrators, and filed with the court. The award shall be entered by the court in its record of judgments, and shall have the effect of a judgment upon the parties unless reversed upon appeal.

\* \* \* \* \* \*

F. Any party to the arbitration proceeding may appeal from the arbitration award to the court in which the award is entered by filing, within the time limited by rule of court, a demand for trial de novo on law and fact."

Our Supreme Court has adopted Uniform Rules of Procedure for Arbitration which include the following:

"Rule 5. Award

(c) Legal Effect of Award. Upon expiration of the time for appeal and if no appeal has been taken, the award shall become final and binding as a judgment of the Superior Court and the Clerk of the Superior Court shall enter the award in the judgment docket.

\* \* \* \* \* \*

Rule 7. Right of Appeal

(a) Notice of Appeal. Any party to the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of the award. The notice of appeal shall be entitled 'Appeal From Arbitration' and shall request that the case be set for trial in the Superior Court. At the time of filing the notice of appeal, a copy of the notice of appeal shall be served upon the adverse party or parties.

\* \* \* \* \* \*

(c) Appeals De Novo. All appeals shall be de novo on law and fact."

Defendant contends on appeal that a dismissal without prejudice pursuant to 17A A.R.S., Super.Ct. Uniform Prac.Rules, rule V(d), cannot operate to revive an arbitration award. He argues that an apparent

conflict between A.R.S. Sec. 12–133 and the Uniform Rules of Procedure for Arbitration must be resolved by holding that an arbitration award is annulled as soon as a trial de novo is set in superior court. Finally, he argues that even if dismissal was proper, his appeal from the arbitration award tolled the 20-day limit set forth in 17A A.R.S., Uniform Arbitration Rules, rule 7(a). Thus, he contends, his motion filed four days after the order of dismissal on October 15, which sought a resetting of the trial date, was still within the 20-day appeal period and operates to vacate the arbitration award.

We have held that the notice of appeal from an arbitration award must be filed within the 20-day period, and that a motion for new trial does not extend the time for appeal. *Diggs Realty and Insurance v. Pertile,* 114 Ariz. 85, 559 P.2d 205 (App.1977). Division One has held that the rule of civil procedure providing for five extra days to respond where notice is served by mail does not apply to extend the 20-day period. *Anderson v. Fidelity Southern Insurance Corp.,* 119 Ariz. 563, 582 P.2d 653 (App. 1978).

██ Although there appears to be some conflict between the statute and the rules regarding the effect of an appeal on an arbitration award, a common sense reading of the provisions indicates that the mere filing of a notice of appeal does not automatically annul or vacate the arbitration award. The proponent of a claim is responsible for expeditiously prosecuting his case. *Thompson v. Mecey,* 101 Ariz. 125, 416 P.2d 558 (1966). We agree that there is a preference for a trial on the merits rather than a dismissal under Uniform Rule V(d). *Walker v. Kendig,* 107 Ariz. 510, 489 P.2d 849 (1971). We note, however, that defendant admits he received notice that his case had been placed on the inactive calender. Even if he was not prepared to set the case for trial, he could have moved the court to continue the case on the inactive calender for a specified period of time without dismissal. 17A A.R.S., Super.Ct. Uniform Prac.Rules, rule V(d)(2).

We are persuaded that the burden of going forward with an appeal from an arbitration award pursuant to our compulsory arbitration statutes is no different than any other appeal. An analogy may be drawn to criminal appeals from justice court, which also involve a trial de novo. We have held in those cases that it is the appealing defendant who has the duty to prosecute his appeal with diligence. *Modig v. Superior Court,* 3 Ariz.App. 287, 413 P.2d 797 (1966); see also, 17 A.R.S., Rules of Criminal Procedure, rule 30.5. (Appellant's duty to prosecute his appeal from nonrecord courts). Our Supreme Court has recognized, in the context of an appeal to superior court from the State Board of Tax Appeals, that "it is the responsibility of an appealing party to expeditiously prosecute the appeal to effect, and, admittedly, dismissal is a proper remedy for failure to so prosecute." *Department of Revenue v. Southern Union Gas Co.,* 119 Ariz. 512, 514, 582 P.2d 158, 160 (1978).

Had the appeal been prosecuted to effect, i. e., the action properly set for trial, at the trial de novo plaintiff of course would have had the burden of proving his case, as he did at the arbitration hearing. See *Vazzano v. Superior Court,* 74 Ariz. 369, 249 P.2d 837 (1952).

The case of *Lee v. Cel-Pek Industries, Inc.,* 251 Pa.Super. 568, 380 A.2d 1243 (1977), cited in the dissenting opinion, is inapposite to the facts herein. There, the appeal was prosecuted to effect and the trial de novo properly set. The appeal was erroneously dismissed when the defendant/appellant did not appear for trial. The *Lee* court found no authority for a dismissal of an appeal because of a party's absence. In the case before us, Uniform Rule V(d) [1]

1. "(d) Inactive Calendar. The clerk of court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been served and filed within one year after the commencement thereof, except that in domestic relations cases the presiding judge in any county may, by general order, shorten the time in which domestic relations cases shall be placed on the Inactive Calendar to not less than 120

not only provides authority, but mandates dismissal of defendant's appeal.

■ As to defendant's tolling argument, we adopt the view that even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred. *Owens v. Weingarten's Inc.*, 442 F.Supp. 497 (W.D. La.1977); *Barrentine v. Vulcan Materials Co.*, 216 So.2d 59 (Fla.App.1968); *Keel v. Parke, Davis & Co.*, 72 App.Div.2d 546, 420 N.Y.S.2d 726 (1979). Under this analogy to tolling a statute of limitations, defendant's aborted attempt to appeal the arbitration award did not toll the 20-day appeal period of Uniform Arbitration Rule 7(a). The order of dismissal without prejudice had the effect of being with prejudice as to his appeal and the arbitration award was correctly reinstated as the final judgment.

Affirmed.

HOWARD, J., concurs.

RICHMOND, Judge, dissenting:

I respectfully dissent.

Statutory rules accompanying newly created rights are deemed to be rules of court only until modified or suspended by rules promulgated by the supreme court. *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 485 P.2d 549 (1971). To give an arbitration award the effect of a judgment "unless reversed on appeal," A.R.S. § 12–133(c), is inconsistent with an appeal de novo of a civil case, which will provide a new determination that may neither affirm nor reverse the award. On the other hand, conditioning the legal effect of the award on the absence of an appeal, 17A A.R.S. Uniform Rules of Procedure for Arbitration, rule 5(c), is consistent with a statutory scheme of arbitration where the amount in controversy is limited. *Cf. Lee v. Cel–Pek*

*Industries, Inc.*, 251 Pa.Super. 568, 380 A.2d 1243 (1977) (reversing dismissal of appeal de novo from arbitration award where defendant/appellant failed to appear for conciliation hearing and trial). To comport with the right to a jury trial under Art. 2, § 23 of the Arizona Constitution, the arbitration award is subject to the consent of both parties. An appeal by either should avoid the award.

Once the case was returned to superior court with a request that it be set for trial, the plaintiff was the proponent who was responsible for expeditiously prosecuting his case under the rule of *Thompson v. Mecey,* supra, cited in the majority opinion. The record reflects that the plaintiff never received notice the case had been placed on the inactive calendar. Under those circumstances the case should not have been dismissed for lack of prosecution. That it was should not deprive defendant of his right to a superior court trial de novo. I would reverse.

---

days. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution, and the court shall make an appropriate order as to any bond or other security filed therein, unless prior to the expiration of such two month period:

(1) A proper Motion to Set and Certificate of Readiness is served and filed; or
(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal."