OPINION AND ORDER

This matter comes before this Court upon Petitioner’s Motion for Reconsideration of our earlier Final Order entered in this matter based upon an error.

FACTUAL AND PROCEDUAL HISTORY

For a period between 1988 and 1990, Petitioner has failed to appear in court as lay advocate for numerous clients.
On July 11, 1990, the court issued an order suspending Petitioner from practice as a legal advocate in the Hopi Courts for six months. See In the Matter of Jerry-Sekayumptewa No. 18957 (7/27/90). The court further held that Petitioner could apply for reinstatement after six months but only under the condition that he had “shown that he will desist from such behavior that caused him to be suspended from practice before the court.” Id.
On May 9, 1994, Petitioner filed a petition for reinstatement as a legal advocate. See Petition for Reinstatement as Legal *436 Advocate (5/9/94). On May 17, 1994, the court denied Petitioner’s application for reinstatement, holding that before Petitioner could be reinstated, he must complete a professional responsibility course and submit recommendations for reinstatement from two Hopi Bar members. See Order No. S-01-90.
On March 4, 1999, the Chief Judge of the Hopi Trial Court, in response to a letter from Petitioner requesting reinstatement, denied Petitioner’s request and added that the Petitioner must obtain treatment for alcohol abuse before he would be reinstated. See Letter to Chief Judge Thomas (2/3/99) and Order (3/4/99).
In response to orders issued supra, Petitioner appealed to this Court arguing, in pertinent part, that: 1) the Tribal Court violated his due process lights in 1994 by stating new conditions he would have to meet to be reinstated; and 2) the Chief Judge violated his due process rights in 1999 by stating out of court new conditions he would have to meet to be reinstated.
This Court rejected Petitioners first argument by holding that a “hearing was sufficient process, wherein Petitioner was provided notice and an opportunity to be heard.” See Final Order no. 18957, page 5 (11/3/00). This Court further noted that the conditions issued to Petitioner in the 1994 hearing fit within the original meaning of the terms stated in the 1990 order.
The only argument this Court accepted was Petitioner’s final argument regarding the Chief Judge’s violation of Petitioner’s due process rights in 1999, This Court determined that the additional conditions issued to Petitioner were outside of the formal legal process and cannot be enforced. Such an order would be inconsistent with Ordinance 21, which gives the courts the authority to control the conduct of attorneys but not outside of court. Id. at 6.
Petitioner has now filed a Motion to Reconsider. Petitioner argues that this Court’s decision was based on misinformation. Petitioner asserts that the Order issued on May 17, 1994 was outside of the formal judicial process and that no hearing was provided to Petitioner prior to the issuance of the Order.
ISSUES PRESENTED ON APPEAL
1. Has this Court made a mistake in regards to the Final Order (# 18957) issued on November 3, 2000?
2. Can this Motion be considered under HIRCCP Rule 30(b)(1)?
3. Is the presumption of mailing applicable in this case?

DISCUSSION

I. In stating that the Petitioner was given proper notice of a hearing and an opportunity to be heard prior to the issuance of the 199h order, this Court made a, mistake.
Mistake, as defined in Black’s Law Dictionary, “exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted.” See Black’s Law Dictionary, abridged 6th Edition. In this case, the Court has made a mistake [1] — this Court has acted, in issuing its final order, in reliance on an erroneous conviction that Petitioner was given a hearing. Further, but for this erroneous belief, this Court *437 would not have acted in a manner that resulted in the mistake. Thus, it is clear to this Court that a mistake has been committed that fulfills the first requirement under Rule 30(b).[2]
II. The Motion to Reconsideration can be considered under HIRCCP Rule 30(b)(1). Rule 30(b)(1) has a strict time requirement that demands that any such motion must be filed within three months of the issuance of the court order. Since Petitioner filed his Motion more than six months after the issuances of the Court’s Final Order, Petitioners has failed to satisfy this Rule,

A. Does this Court have jurisdiction to hear this Motion to Reconsider under Rule 30(b) ?

The threshold question is whether this Court has the jurisdiction to hear this Motion to Reconsider. Pursuant to HIRCCP Rule 30(b)[3], the Hopi Tribal Court is authorized to relieve a party from a final order if certain requirements are met. See HIRCCP Rule 30(b). Thus, this Court has the power to hear Petitioner’s Motion to Reconsider.

B. Has Petitioner fulfilled the requirements under' Rule 30(b)(1) for relief?

Under Rule 30(b), a party begging for relief from a judgment must fulfill the following two requirements: 1) one or more of the grounds listed by the Rule are present; and 2) such a motion is timely filed.

1. Is one or more of the grounds listed, under Rule 30(b) present?

Rule 30(b) states, in pertinent part, that “the court may, in the
furtherance of justice, relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[4] See HIRCCP Rule 30(b). *438 As stated supra, this Court did make a mistake and the first requirement is fulfilled under Rule 30(b)(1).

2. This motion was not timely filed:

With respect to whether this Motion to Reconsider was filed in a timely manner. Rule 30(b) states that such a motion shall be filed “with a reasonable time and for reasons (1), (2), (3), and (4), not more than 3 months after the judgment, order, or proceeding was entered or taken.” See HIRCCP Rule 30(b). Thus, under Rule 30(b), a motion for relief from a judgment pursuant to a mistake is considered timely only if it is filed within a reasonable time and it is within three months of the issuance of the Order.
In the matter at bar. Appellant filed his Motion to Reconsider on May 10, 2001— more than six months after the Court's Final Order was issued on November 3, 2000. The fact that Petitioner might have received the Court’s Final Order on April 20, 2001 does not assist his case. See Motion to Reconsider, page 1. Rule 30(b) explicitly states that a motion to reconsider must be filed “not more than 3 months after the judgment, order, or proceeding was entered/./” [Emphasis added]. Nowhere in this Rule does it state that Petitioner has three months from the time he received the Court Order. Thus, Appellant’s Motion to Reconsider was not timely filed as required under Rule 30 of the HIRCCP and this Court does not have to consider this motion.[5]
III. Is the presumption of mailing applicable in this case?
Petitioner’s main argument with respect to the timeliness requirement is that he did not receive the Order at the time the Order was issued. Rather, he received the Order on April 20, 2001 and thus his motion would be considered timely from that date.
However, under federal evidence law, the mailing of a letter raises a presumption that the party to whom it was addressed received it in due course of mail and thus, acquired knowledge of the matters stated therein. However, this presumption is not conclusive but subject to control and limitation by other facts. Schutz v. Jordan, 141 U.S. 213, 11 S.Ct. 906. The Arizona Supreme Court also recognizes this presumption. See Thompson v. Mecey, 101 Ariz. 125, 416 P.2d 558 (.holding that where the facts show that notice was mailed by the clerk of the court and there is proof of mailing, a presumption arises that the notice was received.)
The preliminary facts of this presumption are established. The facts demonstrate that the Order was sent to Petitioner’s P.O. Box. This is the same P.O. Box address that prior and current notices have been sent and received by Petitioner. Further, the Final Order was sent through *439 certified mail oí the United States Postal Service.
As stated supra, this presumption is not conclusive and can be rebutted by other facts. At oral arguments, Petitioner provided this Court with no facts that would indicate that the presumption should be rejected in this situation.
IV. Conclusion:
Under Rule 30(b)(1), Petitioner is allowed to file a Motion to Reconsider for mistake and/or inadvertence. However, this Rule has a strict timeliness condition that requires Petitioner to file his motion within three months of the issuance of the order. Petitioner has failed to file his Motion within three months and thus his Motion must fail.
However, in denying Petitioner’s Motion, this Court recognizes the contributions Petitioner, and other lay advocates, have made to the development of the Tribal Courts in Hopi. Further, this Court recognizes the importance of the role of lay advocates in the future growth of the Tribal Courts and overall legal community in Hopi.
With this heightened role that lay advocates play in Hopi society, this Court acknowledges that the lay advocates’ commitment to the people they represent must also be heightened. As lay advocates, Petitioner and others like him must recognize that though they are not lawyers, their role is similar and uniquely more important. Specifically, the lay advocate is the bridge that connects the ordinary person to the sometimes confusing legal system that they must now confront. Further, the role of the lay advocate is even more important than lawyers when it is considered that lay advocates usually share the client’s culture and tradition and thus are better able to provide the client with a more well-rounded understanding of the process they are facing. Consequently, to require lay advocates to act by a standard below that of lawyers would be contrary to the goals of the Tribal Courts.
In the case at bar. Petitioner is required by a 1994 order to attend a professional responsibility course and submit two recommendations from Hopi bar members. Though these requirements might place an inconvenient barrier to Petitioner’s reinstatement, the barrier is not unreasonably burdensome. By fulfilling these requirements, Petitioner will not only show his commitment to the Hopi legal community but also personally understand his duty as lay advocate to the Hopi people. Though these requirements were placed on Petitioner pursuant to disciplinary proceedings, every lay advocate should consider such professional responsibility courses and duties they define to the community as they move through their career’s as representatives of the Hopi people.

ORDER

It is hereby ORDERED that the Petitioner’s Motion to Reconsider the Final Order of this Court issued on November 3, 2000 be DENIED.
Further, to be consistent with this Opinion, the 1994 order in issue hereby AFFIRMED. Thus, Petitioner is required to follow are those requirements stated in the 1990 order and the 1994 order for reinstatement.

. After reviewing the Tribal Courts' records, it is unclear whether Petitioner was offered an opportunity to argue his position in court. It is possible that a hearing was held but records of such a hearing are not available. Thus, in the interests of justice, this Court will presume that no hearing was offered to Petitioner.

. Under HIRCCP, for a mistake to be worthy of correction, it must be one that is harmful to the party’s substantial right. Rule 31 states, in pertinent part, that “no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or otherwise disturbing a judgment or order, unless refusal to take such action appears to the Court inconsistent with substantial justice. The court at every state of the proceeding shall disregard any error or defect in the proceeding which does not effect the substantial right of the parties.’’ In the case at hand, this Court should find that the mistake has impaired Petitioner’s right to due process and thus, satisfies Rule 31 requirement of affecting the ‘substantial rights of the parties,’

. In constructing the Hopi Indian Rules of Civil and Criminal Procedure, the Tribal Council adopted the Federal Rules of Civil Procedure extensively. The majority of the rules found in the HIRCCP can also be found in the Federal Rules. For this reason, this Court will look at federal case law as persuasive authority.

.Rule 30(b) states:
Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may, in the furtherance of justice, relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 29(a); 3) fraud, misrepresent or other misconduct of an adverse party; 4) when, for any cause, the summons in an action has not been personally served upon the defendant and the defendant has Failed to appear in said action; 5) the judgment is void; 6) the judgment has been satisfied, released, or discharged, or a judgment upon which it is based has been reversed or otherwise vacated, or it is no *438 longer equitable that the judgment should have prospective application; or 7) any other reason justifying relief from the operation of the judgment. The motion shall be made with a reasonable time and for reasons (1), (2), (3), or (4), not more than 3 months after the judgment, order, or proceeding was entered or take of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a part from a judgment, order, or proceeding or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be a motion as prescribed in these rules or by an independent action.

. Under Rule 60(b), federal case law has held that courts lacked the power to extend time limitation for making of motion for relief from final judgments. See Marquette Corp. v. Priester, 234 F.Supp. 799, 802 (E.D.S.C.1964)