**Ho Ihn SHIN, Appellee,**

v.

**Ayne K. BRENAN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2000.

Filed Dec. 14, 2000.

Peter M. Hileman, Doylestown, for appellant.

Nathan M. Murawsky, Philadelphia, for appellee.

Before McEWEN, President Judge, TODD and MONTEMURO *, JJ.

TODD, J.:

¶ 1 Following counsel's inadvertent absence from a pretrial settlement conference, the trial court dismissed Appellant

* Retired Justice assigned to Superior Court.

Ayne K. Brenan's *de novo* appeal of an arbitration award in favor of Appellee Ho Ihn Shin and denied Brenan's subsequent motion to reinstate her appeal. Because we find this was an abuse of discretion, we reverse.

¶ 2 In this personal injury case brought by Shin and involving the collision of automobiles driven by Shin and Brenan, Shin was awarded $20,000 by an arbitration panel.[1] Brenan appealed the award to the Court of Common Pleas of Philadelphia County. At a status conference in July 1999, counsel for both parties were notified orally of a December 3, 1999 pretrial settlement conference and a February 1, 2000 trial date.

¶ 3 Brenan's counsel failed to appear at the December settlement conference and it appears that no effort was made by the court or opposing counsel to contact him at the time. As a result, on January 18, 2000, the trial court dismissed Brenan's arbitration appeal. On January 28, 2000, Brenan filed a petition to reinstate her appeal, stating that counsel inadvertently neglected to note the date on his calendar. The trial court concluded, without a hearing, that Brenan's excuse was unsatisfactory and, on March 14, 2000, denied her petition and reinstated the arbitrator's award. Upon Shin's praecipe, judgment was entered in favor of Shin on April 7, 2000 in the amount of $20,000. Brenan filed this timely appeal.

¶ 4 On appeal, Brenan asks "whether the lower court abused its discretion for failing to grant Defendant's Motion to Reinstate the Appeal, when the Petition was promptly filed, where a meritorious defense exists, and when the reason given was adequately explained as inadvertence of counsel and where the conference could easily have been rescheduled without delaying the trial date?" (Brief for Appellant, at 4.)[2]

¶ 5 We will not reverse a trial court's dismissal of an action with prejudice absent an abuse of discretion. *See Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 554 (1992). An abuse of discretion is more than an error of judgment; it occurs when "the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Id.* Further, a defendant seeking relief from the denial of a petition to reinstate an arbitration appeal must show (1) that the petition was timely filed, (2) a reasonable explanation or excuse, and (3) a meritorious defense. *See Kalantary v. Mention,* 756 A.2d 671, 672–73 (Pa.Super.2000) (quoting *Flynn v. Casa Di Bertacchi Corp.,* 449 Pa.Super. 606, 674 A.2d 1099, 1102 (1996)); *Petrone v. Whirlwind, Inc.,* 444 Pa.Super. 477, 664 A.2d 172, 174 (1995) (applying similar factors in reviewing denial of petition to open judgment of non pros). It is undisputed that elements one and three are satisfied in the present case; therefore, we are concerned only with the excuse given by counsel in light of the circumstances surrounding the dismissal.

¶ 6 The trial court dismissed Brenan's appeal pursuant to Rule 218 of the Pennsylvania Rules of Civil Procedure, which provides:

**Party Not Ready When Case is Called for Trial**

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit

---

1. The arbitrators found that Shin suffered $30,000 in damages. This amount was reduced by the arbitrators finding of her 33 1/3% contributory negligence.

2. Brenan additionally asserts that the trial court lacked the authority, in the first instance, to dismiss the appeal for failure to attend a pretrial conference, and, in the alternative, that the court abused its discretion in doing so. (Brief for Appellant at 4.) However, we need not address these issues separately as we find that they are subsumed within Brenan's above-stated contention.

on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218. Rule 212.3, which governs pretrial conferences, does not provide sanctions for a failure to attend. However, while Rule 218 by its language applies only at trial, this Court has repeatedly held that attendance at pretrial conferences is also governed by Rule 218. *See, e.g., Kalantary*, 756 A.2d at 674. Therefore, under the precedents of this Court, the trial court had the power under Rule 218 to dismiss the appeal for Brenan's counsel's failure to attend the pretrial conference. We find, however, that the trial court abused its discretion in dismissing Brenan's appeal, and again in failing to grant her petition to reinstate the appeal.

¶ 7 In her petition to reinstate her arbitration appeal, Brenan stated that counsel failed to appear due to an inadvertent mistake, i.e., that counsel failed to note the date of the conference on his calendar. As noted above, the record reveals no attempt on the part of the court to contact counsel before dismissing the appeal. There was no suggestion by the trial court that counsel's behavior was part of a pattern of misconduct or abuse. There is no allegation that the opposing party would be prejudiced by a delay. The trial court did not conduct a hearing, either before dismissing the appeal or on Brenan's petition to reinstate the appeal, in which it could have fully reviewed the appropriateness of the dismissal. Most importantly, there is no indication that the trial court gave any consideration to lesser sanctions.

¶ 8 In *Kalantary, supra*, this Court reversed the entry of default judgment under Rule 218 against a defendant where defendant's counsel failed to appear at a pretrial conference. While that case did not involve an appeal from an arbitration—for which Rule 218 specifically accounts we find it nonetheless instructive here. We stated:

The Pretrial Conference Rule [212] does not provide any means of enforcing an attorney's duty to attend and does not sanction the entry of a default judgment against a party because of the failure of the party's attorney to appear. It has been postulated, however, that under the rule, a plaintiff who fails to appear either in person or through an attorney at a pretrial conference in contravention of a court order can be subject to a judgment of non pros.

A trial court may not deny a party's right to a jury trial because his or her attorney failed to attend a pretrial conference; there are many alternative sanctions which would not pre-empt the innocent litigant's constitutional right to a jury trial, including the imposition of fines against the attorney, as well as the assessment of the opposing party's legal fees against the attorney who misses a conference due to his or her own negligence. . . .

* * *

A court faced with a plaintiff who does not appear at a pretrial conference either in person or through an attorney might enter an order striking a case from a trial list, if it is already listed, and staying further proceedings on the part of the plaintiff until he or she conforms to the order to hold a pretrial conference. . . .

There is no penalty similar to a non pros or a stay of proceedings which may be imposed upon a defendant's attorney for failing to attend a pretrial conference. It would seem, however, that any party, whether plaintiff or defendant,

who without reasonable cause fails to attend a pretrial conference in person or by an attorney subjects himself or herself to summary punishment for contempt of court.

*Kalantary,* 756 A.2d at 674–75 (quoting 1 Goodrich Amram Standard Pennsylvania Practice 2d §§ 212.3:9–10). We concluded that the only sanctions available to the trial court to punish the defendant were fines, attorney's fees to the inconvenienced party, and contempt. In the instant case, while dismissal and reinstatement of the arbitration award was technically permissible under Rule 218, we believe that under the circumstances, the sanctions described in *Kalantary* would have been the appropriate means of punishing counsel's behavior, and that dismissal was an abuse of discretion.

¶ 9 In its decision, the trial court relied on *Anderson v. Pennsylvania Fin. Responsibility Assigned Claims Plan,* 432 Pa.Super. 54, 637 A.2d 659 (1994), for its conclusion that its action was not an abuse of discretion. (Trial Court Opinion, 6/29/00, at 2–3.) However, we find *Anderson* to be distinguishable from the present case. In *Anderson,* the trial court dismissed plaintiff's appeal from an adverse arbitration award after his counsel failed to appear at a second, rescheduled, settlement conference. However, unlike here, in *Anderson,* the trial court attempted to contact counsel and only after his whereabouts could not be determined did the court dismiss the appeal. *Id.* at 661. Further, in *Anderson,* this Court admonished appellant for failing to pursue a formal motion to vacate the appeal, thus limiting this Court's ability to review counsel's excuses for his failure to appear. *Id.* at 661–62. It was in this context that this Court found the trial court's dismissal not to be an abuse of discretion.

¶ 10 In addition, in other recent cases of this Commonwealth which affirm the dismissal of a suit or arbitration appeal for the failure of counsel to attend a pretrial conference, either no excuse was given, or

counsel's failure to appear was compounded by other conduct. *See City of Philadelphia Water Revenue Bureau v. Frempong,* 744 A.2d 822 (Pa.Cmwlth.2000) (no excuse given by litigant); *First Union Mortg. Corp. v. Frempong,* 744 A.2d 327 (1999) (counsel failed to appear at conference and at trial); *Green v. Harmony House Housing Ass'n,* 684 A.2d 1112 (Pa.Cmwlth.1996) (no excuse given by *pro se* litigant except that the rules were "too complicated").

¶ 11 Finally, we reiterate our expression in *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 556 (1992):

> While we share the trial court's interest in the expeditious administration of justice, we are mindful of our supreme court's admonition that
>
>> it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts.
>
> *Budget Laundry Co. v. Munter et al.,* 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972). Moreover, "the quality of justice must not be subordinated to arbitrary insistence upon compliance with procedural rules." *Dublin Sportswear v. Charlett,* 485 Pa. 633, 639, 403 A.2d 568, 571 (1979).

*Id.* at 556.

¶ 12 We thus conclude that it was an abuse of discretion for the trial court to dismiss Brenan's arbitration appeal for her counsel's failure to attend a pretrial conference where the failure was inadvertent, where it was not part of a pattern of abuse, where the court made no attempt to contact counsel, where there was no prejudice, and where other less severe sanctions were available to promote the court's interest in controlling its docket but without

unnecessarily infringing upon a litigant's right to a jury trial. For the same reasons, we conclude that the trial court abused its discretion in denying Brenan's petition to reinstate her appeal.

¶ 13 We therefore reverse the order of the trial court denying Brenan's petition to reinstate the appeal with instructions to grant the petition, reinstate the appeal, and impose appropriate sanctions, short of dismissal, for counsel's failure to appear at the pretrial conference.

¶ 14 Reversed and remanded with instructions. Jurisdiction relinquished.