Hermine THOMPSON, Appellee,

v.

Carolann HOUSTON, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 4, 2003.
Filed Dec. 3, 2003.

Brandon G. Johnson, Philadelphia, for appellant.

Louis J. Ruch, Philadelphia, for appellee.

Before: JOYCE, LALLY–GREEN and CAVANAUGH, JJ.

CAVANAUGH, J.

¶ 1 Carolann Houston appeals from the order which denied her post-trial motions for reconsideration and to open judgment and remove non pros. We reverse.

¶ 2 On November 1, 1999, appellee, Hermine Thompson, was injured when she tripped and fell over a pipe protruding from the sidewalk in front of appellant's home in Northeast Philadelphia. Appellee filed suit against appellant which went to compulsory arbitration as the demand was for less than $50,000. The arbitration pan-

el awarded appellee $30,000. Appellant appealed to the Court of Common Pleas for a trial de novo.

¶ 3 On November 4, 2002, the parties were directed to be ready to start trial on one-hour notice at any time during the upcoming month. On November 19, 2002, at approximately noon, the court attempted to contact the parties to inform them that trial would begin at 2:00 p.m. The court was successful in contacting appellee's counsel, who appeared with his client at the designated time. Calls to appellant's counsel were not personally received. The court left several messages on appellant's counsel's answering machine informing that trial would begin at 2:00 p.m. However, he failed to appear with his client for trial and the court reinstated the arbitration award as per Pa.R.Civ.P. 218.

¶ 4 Appellant filed post-trial motions seeking reconsideration and to open judgment and remove non pros. Argument was held on the motions. Appellant's counsel explained that he did not get the message that trial was to start at 2:00 p.m. because, unbeknownst to him, his secretary had called out sick that day and at the time the calls from the court were placed, counsel was in the arbitration center at a hearing on an unrelated matter. Appellant's counsel did not retrieve the messages that trial was to start at 2:00 p.m. until 2:30 p.m.

¶ 5 The court denied the motions. It reasoned as follows:

After hearing argument, I denied all three motions, because I do not feel that counsel made sufficient arrangements to ensure that he would promptly receive notice of the trial listing. He apparently made no other arrangement for his tele-phone messages to be retrieved by anyone other than his secretary, with the result that when she called out sick, he did not receive the message from Court Administration until it was too late to appear. That is neither the fault of the Court, nor of Plaintiff's counsel, who did appear as directed, with his client, at the appointed time.

However, in the interests of justice, and judicial economy of both the trial court and the honorable Superior Court, if the matter is reversed and remanded, it will be relisted for trial promptly, with our apologies to the Plaintiff and her counsel.

¶ 6 In this appeal from the court's denial of post-trial relief,[1] appellant presents the following issue:

I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S APPEAL FROM ARBITRATION BECAUSE APPELLANT DID NOT APPEAR FOR TRIAL ON ONE–HOUR NOTICE WHEN APPELLANT'S COUNSEL DID NOT RECEIVE NOTICE FROM THE COURT BECAUSE COUNSEL WAS APPEARING AT A PREVIOUSLY SCHEDULED COMPULSORY ARBITRATION HEARING IN THE SAME COURT.

¶ 7 Our standard of review is for abuse of discretion. *Shin v. Brenan,* 764 A.2d 609, 610 (Pa.Super.2000) (citing *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 554 (1992)); *accord Rolla v. Westmoreland Health System,* 438 Pa.Super. 33, 651 A.2d 160, 162 (1994). We begin by noting that requiring a party be "on-call" for a period of thirty days, *i.e.,* to be ready to begin trial on one-hour's notice, is a somewhat

---

1. The appeal from the denial of post-trial motions is properly before us. "A decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear." Note following Pa.R.Civ.P. 218.

demanding rule which, as a practical matter, is perhaps unrealistic. It is completely understandable, given the current workload demands in our profession, that a party's adherence to such a short-notice requirement will at times be difficult, if not impossible. That said, we turn now to the applicable rule of civil procedure and decisional precedent which guide our disposition of the claim on appeal.

¶ 8 The pertinent rule provides:

**Rule 218. Party Not Ready When Case is Called for Trial**

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

¶ 9 In this appeal from the dismissal of defendant's arbitration appeal and the reinstatement of the award for failure to appear at trial "we are concerned only with the excuse given by counsel in light of the circumstances surrounding the dismissal." *Shin v. Brenan,* 764 A.2d at 610.[2] Some of the circumstances a court should consider in determining whether counsel's failure to appear should be excused are: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions. *Id.* at 611.

¶ 10 Counsel's excuse was that his secretary was out sick on the day in question without his knowledge. We look at this excuse in light of the following circumstances: 1) counsel had instructed his secretary to call him if he was out of the office when one-hour notice in the present case was received; and 2) at the time the one-hour notice call was placed by the court, counsel was at an unrelated hearing in the arbitration center. The record is silent as to prejudice to appellee or whether the court considered any lesser sanctions, such as fines or imposition of attorney fees. There was no suggestion that counsel's failure to appear was intentional or part of a larger problematic behavior pattern.

¶ 11 After careful review of counsel's excuse in light of the existing circumstances, including the potential impracticalities associated with adhering to a requirement to appear in court for trial on one-hour's notice, we conclude that the order denying relief must be reversed. While longer advance notice might not ensure appearance at trial, longer notice would certainly serve to minimize potential conflicts posed by the rigorous time and distance demands to which attorneys are frequently subject.

¶ 12 This court has repeatedly held that a court's legitimate interest in controlling its docket should not unnecessarily infringe upon a litigant's right to a trial:

---

2. It is undisputed that the petition to reinstate appeal was timely filed and that a meritorious defense exists.

Finally, we reiterate our expression in *Stock v. Arnott*, 415 Pa.Super. 113, 608 A.2d 552, 556 (1992):

> While we share the trial court's interest in expeditious administration of justice, we are mindful of our supreme court's admonition that
>
> > It must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individuals cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the conditions of the courts.
>
> *Budget Laundry Co. v. Munter et al*, 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972). Moreover, "the quality of justice must not be subordinated to arbitrary insistence upon compliance with procedural rules." *Dublin Sportswear v. Charlett*, 485 Pa. 633, 639, 403 A.2d 568, 571 (1979).

*Id.* at 556.

*Shin v. Brenan*, 764 A.2d at 612; *Bennett v. Home Depot U.S.A., Inc.*, 764 A.2d 605, 608 (Pa.Super.2000).

¶ 13 Reversed. Remanded. Jurisdiction relinquished.