Tylisha WILLIAMS, a minor by her
p/n/g Kishma WILLIAMS

v.

**SCHOOL DISTRICT OF
PHILADELPHIA,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued March 1, 2005.
Decided March 17, 2005.

Suzanne M. McDonough, Philadelphia, for appellant.

Frank Pollock, Philadelphia, for appellees.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The School District of Philadelphia (District) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying motions for post-trial relief and motions for reconsideration filed by the District after the trial court, in an *ex parte* trial, found the District liable for

injuries sustained by Tylisha Williams (Williams).

On September 21, 2000, Williams, a minor, was traveling home on a school bus owned by the District. As it began to rain, the bus driver instructed the student-passengers to close their windows. Williams knelt on the seat of the bus to reach the window. As she did, her knee went into the seat and she sustained a laceration on the top of her knee. When she saw the blood coming from her knee, she hopped up to the front of the bus to tell the driver. He immediately pulled over, called an ambulance, and Williams was taken to a local hospital for stitches.

Williams filed an action against the District for the injuries she sustained on the bus, and the matter was scheduled for arbitration on November 19, 2003. During discovery, the District obtained two orders that essentially precluded Williams from admitting certain medical evidence at trial. The day before arbitration, counsel for Williams advised the District that they would not produce Williams at the arbitration, opting instead to appeal whatever ruling was entered to obtain a trial *de novo*. On the day of trial, Williams did not appear, although her attorneys appeared, and the District was ready to proceed. An award was entered in favor of the District. On appeal from that award, sanctions were

levied against Williams based on her intentional failure to appear, and the case was remanded for arbitration.

According to docket entries, the arbitration hearing was re-scheduled to take place on May 21, 2004, at 9:30 a.m. Notice of this date was sent on March 24, 2004. During this time, counsel for the District was pregnant with triplets and was hospitalized several times due to complications with the pregnancy. The District never received the arbitration award notice re-scheduling the matter for arbitration on May 21, 2004. The District also never received a copy of the evidence that Williams intended to introduce at trial, known as a "20 day packet" under Philadelphia local rules. The day counsel for the District returned to the office, it was discovered that the arbitration had taken place that morning. Counsel for the District did attend another matter that morning.

Because neither the District nor any of its witnesses appeared, the trial court held an *ex parte* trial pursuant to its authority under Rule No. 1303 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1303.[1] At trial, Williams testified to the events that led to her knee injury. She stated that as a result of the incident on the bus, her knee became infected, and she was given antibiotics and a knee brace.

---

1. Rule No. 1303 provides as follows:

(a)(1) The procedure for fixing the date, time and place of hearing before a board of arbitrators shall be prescribed by local rule, provided that not less than thirty days' notice in writing shall be given to the parties or their attorneys of record.

(2) The local rule may provide that the written notice required by subdivision (a)(1) include the following statement:

"This matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge."

(b) When the board is convened for hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court

(1) orders a continuance, or

(2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.

Pa. R.C.P. No. 1303.

She testified that she treated with her family doctor and went to a rehabilitation center about six or seven times to treat for stiffness in the leg. Williams also testified that she had regained some movement in her leg, but that she still took medication for her pain. She also stated that she knew when it would rain because of the pain she felt in her leg. Williams also testified to and showed the court the scar in the middle of her kneecap, which was approximately 1 inch in length by one inch in width. She also stated that she did not like the scar and because of it, she did not wear short skirts. Pictures of the injury were entered into evidence as well. The trial court took the matter under advisement and entered judgment in favor of Williams and against the District for the maximum amount of $50,000.

On May 28, 2004, the District filed post-trial motions requesting a new trial. Those motions were denied without hearing or argument. On June 7, 2004, the District filed a petition for reconsideration, which was summarily denied. This appeal followed.[2]

■ The District argues that it never received notice of the re-scheduled arbitration hearing and for that reason failed to appear at that hearing. The District ar-

gues that the trial court abused its discretion by conducting an *ex parte* trial and entering judgment against the District without considering (1) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; (2) whether the failure to appear was inadvertent; (3) whether the court attempted to contact counsel; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the court gave any consideration to lesser sanctions. *Shin v. Brenan*, 764 A.2d 609 (Pa.Super.2000).

■ In *Shin*, the defendant in a personal injury case appealed an arbitration award in favor of the plaintiff. At the appeal status listing, defendant's counsel was present, and the case was assigned a settlement conference date. Defendant's counsel failed to appear at the settlement conference, and the appeal was dismissed. Defendant petitioned the trial court to reinstate the appeal, averring that counsel for defendant inadvertently neglected to note the date of the conference on his calendar. Without hearing, the trial court concluded that defendant's excuse for missing the conference was "unsatisfactory" under Rule No. 218 of the Rules of Civil Procedure.[3] On appeal, the Superior

2. Our review is limited to determining whether the trial court abused its discretion by denying a new trial. *Morrison v. Commonwealth of Pennsylvania*, 538 Pa. 122, 646 A.2d 565 (1994).

3. Rule No. 218 of the Rules of Civil Procedure provides as follows:

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either pro-

ceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa. R.C.P. No. 218. The explanatory comments to Rule No. 218 provide in part as follows:

If the court enters a nonsuit or a judgment of non pros or dismisses an appeal and there exists a sufficient excuse, the aggrieved party may present the excuse through a motion to remove the nonsuit or a petition to open the judgment or reinstate the appeal. The petition or post-trial procedure will result in a record which will enable an appellate court to review the trial

Court noted that the trial court had the authority to dismiss defendant's case under Rule No. 218 but concluded that the trial court abused its discretion in doing so. The Court stated as follows:

> In her petition to reinstate her arbitration appeal, [defendant] stated that counsel failed to appear due to an inadvertent mistake, i.e., that counsel failed to note the date of the conference on his calendar. As noted above, the record reveals no attempt on the part of the court to contact counsel before dismissing the appeal. There was no suggestion by the trial court that counsel's behavior was part of a pattern of misconduct or abuse. There is no allegation that the opposing party would be prejudiced by a delay. The trial court did not conduct a hearing, either before dismissing the appeal or on [defendant's] petition to reinstate the appeal, in which it could have fully reviewed the appropriateness of the dismissal. Most importantly, there is no indication that the trial court gave any consideration to lesser sanctions.

*Id.* at 611. While *Shin* involved a failure to appear at a settlement conference, the Superior Court extended that holding to failure to appeal for an arbitration hearing. *Thompson v. Houston*, 839 A.2d 389 (Pa.Super.2003); *Faison v. Turner*, 858 A.2d 1244 (Pa.Super.2004). While those cases are not binding on this Court, they cogently set forth the factors that a trial court should use to dismiss an action for failure to appear, and we adopt them as our own.

Applying these factors, there is no allegation that the failure to appear at the rescheduled hearing by counsel for the District was part of a pattern of improper

behavior, misconduct or abuse; to the contrary, there is nothing indicating that the District or counsel for the District had missed any appearances in the past. The trial court, however, placed considerable weight on the fact that notice of the rescheduled hearing was sent (according to docket entries) and deemed received by the District, which gave the trial court the power to proceed with the trial in the absence of the District. But even if the District received notice and forgot to attend the hearing, as in *Shin*, that situation would not, in and of itself, forgive the trial court's failure to consider other relevant factors before proceeding with the trial and, ultimately, denying post-trial relief.

For instance, no consideration was ever given as to whether counsel's failure to appear was inadvertent or attributable in part to her personal situation and no attempt was made to contact counsel when it appeared that counsel would not be present at the hearing even though the District and counsel had appeared in all prior proceedings and had even prevailed in prior proceedings. There is also no indication that Williams would have been prejudiced by delaying the hearing, and the trial court gave no consideration to lesser sanctions, other than proceeding *ex parte* and later denying post trial relief, when the trial court did just that for Williams when her counsel failed to appear at the initial arbitration hearing. Finally, as in *Shin*, the trial court did not conduct a hearing or establish a record on the issue of "unsatisfactory excuse" in which it could have fully reviewed the appropriateness of its actions.

Accordingly, the order of the trial court is reversed, and the matter is remanded for a new trial.[4]

---

court's action to determine if there has been an abuse of discretion.

*Id.*

## ORDER

AND NOW, this 17th day of March, 2005, the order of the trial court in the above-captioned matter is reversed, and the case is remanded for a new trial.

Jurisdiction relinquished.

---

4. In light of our disposition, we need not reach the District's remaining arguments.