**Stewart v. Foxworth**

*John J. Martucci Jr.*, for plaintiff.

*Joshua D. Baker, Donald M. Moser* and *William D. Longo*, for defendants.

MAZER MOSS, *J.*, May 24, 2012—This instant issue is whether we abused our discretion in sanctioning plaintiff's counsel for failure to attend a rule returnable hearing. For the reasons below, We properly imposed cumulative sanctions of $1300.

## Facts and Procedural History

Appellant, John J. Martucci Jr., ("appellant") is counsel for plaintiff, Josette Stewart. The above captioned matter was initially scheduled for a case management conference ("CMC") September 9, 2011. On September 9, 2011, we continued said conference to September 19, 2011, notifying all parties that no further continuances would be granted. *Notice of Rescheduled Case Management Conference*, 09/09/2011. Martucci failed to appear at the rescheduled CMC September 19, 2011. Consequently, we granted another continuance and rescheduled the CMC for October 20, 2011, notifying all parties that no further continuances would be granted. *Notice of Rescheduled Case Management Conference*, 09/19/2011.

Additionally, we sanctioned appellant $100 for having failed to appear on September 19, 2011 and specifically informed him that his "continued failure to appear will result in the imposition of further sanctions including dismissal of this action and/or preclusion." *Order*, 09/27/2011. Despite receiving proper notice, appellant failed to pay his $100 sanction within the requisite thirty days. Accordingly, we scheduled a rule returnable hearing for December 12, 2011. *Order*, 10/27/2011.

Appellant failed to appear at his December 12, 2011 hearing and was further sanctioned $200 in addition to

the $100 one. *Order*, 12/12/2011. We scheduled another rule hearing on the $300 sanction for February 27, 2012. *Order*, 01/23/2012. At appellant's request We continued the date to March 12, 2012. *Order*, 02/29/2012.

In a letter sent 7:40 PM on Sunday, March 11, 2012, appellant notified us he would not attend this third rule hearing on 10:00 AM Monday, March 12, 2012. *Fax from John J. Martucci Junior, Esquire, Martucci Law Offices, LLC, to Honorable Sandra Mazer Moss, Philadelphia Court of Common Pleas, Pennsylvania* (Mar. 11, 2012, 07:40 PM EST) (hereafter *Fax*, Mar. 11, 2012) (*See attached* "Exhibit 1"). Appellant's letter states he had a scheduled appearance in Delaware County Court (It is hard to imagine he was not aware of said appearance on Friday, March 9, 2012). *Id.* Additionally, he stated he failed to attend the previous hearings due to illness. *Id.* At 9:05 AM on March 12, 2012, We left two messages notifying appellant his continuance request was denied. *Id.* Nonetheless, appellant failed to attend. As a result, We imposed a $1000 sanction in addition to the $300 already imposed. *Order*, 03/12/2012.

He appealed from the sanction issued March 12, 2012. Appellant asserts we wrongfully imposed the cumulative $1300 in sanctions without providing plaintiff an "opportunity to refute any willfulness as a basis for sanctions." *Statement of Matters Complained of on Appeal* 05/01/2012, ¶¶ 6(b). Appellant further argues "the trial court abused its discretion and committed error of law in sanctioning plaintiff's counsel when the trial court was informed of a conflict of the March 12, 2012 rule hearing on or about February 27, 2012 due to a matter already on

plaintiff's schedule." *Statement of Matters Complained of on Appeal* 05/01/2012, ¶¶ 6(a).

## Discussion

We correctly imposed sanctions upon appellant for failure to appear at a CMC pursuant to Pa. R.C.P. §218. Under Pa. R.C.P. §218(c), "a party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Furthermore, pursuant to Pa. R.C.P. §218 mere failure to appear gives the court grounds to sanction as it sees fit.

Pa. R.C.P. §218 infers "counsel is under the same duty to appear at conciliatory or pre-trial conferences as he or she is to appear for trial." *Anderson v. Financial Responsibility Assigned Claims Plan*, 637 A.2d 659, 660 (Pa. Super. 1994) (internal citations omitted); See also *Kalantary v. Mention*, 756 A.2d 671, 674 (Pa. Super. 2000) (stating "Rule 218 governs attendance at pre-trial conferences as well as at trials"). Thus, under Pa. R.C.P. §218 we possess the authority to sanction appellant for failure to appear at the CMC because he offered no excuse for his absence. *Id.* at 661.

*Anderson v. Financial Responsibility Assigned Claims Plan* is directly on point. There, the lower court sanctioned plaintiff's counsel after he failed to appear at a settlement conference which had been rescheduled twice. *Id.* Therefore, we did not abuse our discretion because sanctions were not imposed upon appellant until he failed to appear a second time on September, 19, 2011, even though we stressed no further continuances would be granted. *Notices of Rescheduled Case Management*

*Conference*, 09/09/2011 and 09/19/2011.

Appellant offered no excuse for his failure to attend all aforementioned court ordered appearances prior to the letter sent at 7:40 PM the Sunday evening before a Monday morning hearing. Fax, Mar. 11, 2012. His vague reference to an illness is insufficient as he never notified the court of same throughout this entire saga. *Id.* Moreover, despite providing appellant with ample notice on February 29, 2012, he requested a continuance at 7:40 PM the night before his hearing. Furthermore, the record shows we attempted to contact appellant twice to notify him of our denial before imposing the $1000 sanction. A simple phone call may have avoided the issue. *Id.* The lower court in *Anderson* engaged in similar procedural measures prior to sanctioning and found "under these circumstances, it cannot be said that the trial court's order constituted an abuse of discretion. In the absence of an abuse of discretion, the trial court's order, according to the decided cases, should be affirmed." 637 A.2d 659, 661.

Unlike in *Shin v. Brenan*, where the attorney's failure to appear at a pretrial conference was inadvertent, appellant's failure to appear at the twice rescheduled CMC and his failure to appear at the hearings show a clear pattern of disrespect for the court, 764 A.2d 609 (Pa. Super. 2000). *Shin* found the lower court abused its discretion because:

counsel failed to appear due to an inadvertent mistake, i.e., that counsel failed to note the date of the conference on his calendar [and] the record reveals no attempt on the part of the court to contact counsel before dismissing the appeal. There was no suggestion

by the trial court that counsel's behavior was part of a pattern of misconduct or abuse... The trial court did not conduct a hearing...in which it could have fully reviewed the appropriateness of the dismissal. Most importantly, there is no indication that the trial court gave any consideration to lesser sanctions. *Id.* at 611.

In direct contrast, we exercised the utmost discretion by graciously accommodating appellant. We twice rescheduled the CMC and granted a continuance for appellant's rescheduled hearing, despite his failure to appear initially. Furthermore, our sanctions did not prejudice plaintiff, Josette Stewart. Rather, we sanctioned appellant for his pattern of repeatedly ignoring court orders.

In *James C. Schwartzman & Assoc. v. Mazza*, the lower court appropriately imposed sanctions upon defendant because he failed to appear at pre-trial conferences and trial. *James C. Schwartzman & Assoc. v. Mazza*, (2005 Phila. Ct. Com. Pl.). Like the defendant in *Schwartzman & Assoc*, appellant has "a history of ignoring this court's orders and failing to appear for court scheduled events." *Id.* Appellant's most egregious behavior was his failure to appear at the March 12, 2012 hearing because he simply assumed we would grant his continuance based on our past accommodations. Thus, we rightly sanctioned him in light of his disrespectful conduct over the course of this litigation. *Id.*

## Conclusion

For the foregoing reasons, our $1300 sanction should be affirmed.