# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1647 C.D. 2016 |
| | : | Argued: October 19, 2017 |
| Albert's Restaurant, Inc. | : | |
| and Albert Buoncristiano, | : | |
| Appellants | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: December 4, 2017

Appellants, Albert's Restaurant, Inc. and Albert Buoncristiano (collectively, Taxpayers), appeal a judgment entered in favor of the City of Philadelphia by the Court of Common Pleas of Philadelphia County (trial court) for payment of business income and receipts taxes, wage taxes, and liquor sales taxes. Taxpayers did not receive telephonic notice of the hearing and, thus, did not appear. Taxpayers contend that the trial court abused its discretion in refusing to grant a continuance of less than 24 hours so that they could be represented at the hearing and in refusing to grant their request for a new trial. We vacate the trial court's judgment and remand the matter for a new hearing.

Albert's Restaurant, Inc. operated in Philadelphia until 2011, and Buoncristiano was the company's president. The City assigned Albert's Restaurant a tax account number for the filing of business income and receipts (BIR) taxes, wage taxes, and liquor sales taxes.

In December 2009, the City did an audit that resulted in its claim against Albert's Restaurant for unpaid BIR taxes for years 2006 through 2009;[1] unpaid wage taxes for years 2006 through 2008; and unpaid liquor sales taxes for tax years 2006 through 2009. City's Complaint ¶23; R.R. 28a. Albert's Restaurant filed three separate appeals of the City's tax claims, but the Tax Review Board denied them. In March 2013, Albert's Restaurant appealed the Tax Review Board's decision to the trial court, which was denied.

On March 2, 2015, the City filed suit against Taxpayers for payment of the combined taxes of $111,118.44, plus interest and penalties. On July 9, 2015, the trial court entered a case management order placing the City's action on the expedited track and into the July 2016 trial pool. Cases in the fast track receive notice of the date of trial on a "next day minimum" basis, no later than 3:00 p.m. on the day prior to jury selection. *See* Philadelphia County Administrative Judicial Order 98-1 (stating that cases will be assigned on a "next day minimum" notice basis and no "later than 3:00 p.m. on the day prior to jury selection."). Consistent with the case management order, the parties were directed to notify each other and the trial court of availability for trial in the month of July.[2]

---

[1] The City's Department of Revenue did an estimated audit of Albert's Restaurant for the BIR Tax for 2006 through 2008; for the Wage Tax for years 2006 through 2008; and the Liquor Sales Tax for years 2006 through 2009. In January 2010, the Audit Division assessed Albert's Restaurant in the amount of $295,517.67, exclusive of interest and penalties. City's Complaint ¶23; Reproduced Record at 28a (R.R. __). Thereafter, Albert's Restaurant filed three petitions for review, challenging each of the assessments. In August 2011, the Tax Review Board authorized the City to do a re-audit of Albert's Restaurant based on records it provided. Following the re-audit, Albert's Restaurant was assessed $111,118.44, exclusive of interest and penalties. *Id*. at ¶32; R.R. 29a.

[2] The City's counsel informed Taxpayers' counsel and the trial court that he was unavailable July 1, July 14-15, and July 18-20.

On July 20, 2016, the trial court's administrative staff notified counsel for the parties, by voicemail, that the case would be heard the next day at 9:30 a.m. in City Hall, Courtroom 636. When the court called the case for trial at 9:30 a.m. on July 21, 2016, neither party appeared.

Court staff contacted both counsel. Taxpayers' counsel informed the trial court that he was in New York but could appear the following day at 9:00 a.m. At 11:14 a.m., the trial court notified the parties, by e-mail, as follows:

> This matter was listed in the July Trial Pool and thus was subject to scheduling within 24 hours' notice. Sufficient notice was given to all parties by the Court via voicemail for a non-jury trial to begin on 7/21/16 at 9:30 am. Because there was sufficient notice and [] no documentation with the court that either party would be unavailable on 7/21/16, trial will begin today at 11:30 a.m.

R.R. 595a.

At 12:15 p.m., the City appeared with its witnesses and counsel. Taxpayers did not appear. The trial court stated, in pertinent part, as follows:

> June 6th of 2016 a settlement conference was held. It appears from the record that [Taxpayers' counsel] participated, although he arrived late. He was subsequently fined $100 by the Honorable Sheridan Harris for his failure to have a settlement memo at that meeting.
>
> June 7th of 2016 defense counsel advised the Court administrator of his unavailable dates in July: July 11th, July 12th, July 13th, 14th and 15th, and the period from July 24th through August 2nd.
>
> July 20th, pursuant to Court protocol, both parties were called and I was advised that this matter was ready and would be called today at 9:30 in Room 636.
>
> When I arrived at Court today no counsel were here.

3

> Mr. Richards, my tipstaff, contacted both parties. There has been some e-mail correspondence and telephone communication, the upshot of which is I advised the parties that the matter would be called to trial today.
>
> We had hoped to do so before noon, but here we are.

Notes of Testimony (N.T.), 7/21/2016, at 7-8; R.R. 231a. The City presented its case, and the next day, the trial court issued a judgment against Taxpayers in the amount of $326,106.97.

On July 26, 2016, the City filed a motion for reconsideration to correct an error.[3] Specifically, the City requested a judgment against Albert's Restaurant in the amount of $317,238.86 and a judgment against Buoncristiano, personally, in the amount of $209,594.21.

On August 5, 2016, Taxpayers filed a motion for post-trial relief, requesting judgment notwithstanding the verdict or a new trial. Taxpayers' motion asserted that based upon his discussion with opposing counsel, Taxpayers' counsel understood that the City's counsel would be out of the office the entire week of July 18th. This absence, he believed, placed the City's action in the August pool. Taxpayers' motion also asserted that Taxpayers' counsel did not receive the voicemail message that the hearing would take place on July 21, 2016. Taxpayers' motion for post-trial relief requested leave to amend, following receipt and review of the trial transcript.

On August 17, 2016, the trial court heard argument on the City's motion for reconsideration and Taxpayers' motion for post-trial relief. At the beginning of argument, the trial court stated:

---

[3] A motion for reconsideration can be treated as a post-trial motion where the relief requested is in accordance with PA. R.C.P. No. 227.1. *See Arches Condominium Association v. Robinson*, 131 A.3d 122, 129 (Pa. Cmwlth. 2015).

4

When the case was called, counsel were given 24 hours' notice by phone from our conference litigation unit, which is customary, but when the case was called on the day of the hearing, neither counsel were here.

Telephone calls were made both to the City of Philadelphia, city solicitor's office, as well as to [Taxpayers'] counsel, Mr. Paul Sosnowski.

*After some coaxing, the city appeared with its witnesses.* Mr. Sosnowski advised the Court by telephone that he was unable to attend.

Although he didn't acknowledge not getting the phone call, but he didn't quite say that he had gotten the phone call.

N.T., 8/17/2016, at 4; R.R. 567a (emphasis added).

Taxpayers' counsel responded that he "was not aware that [he] had received a telephone call from the day before. The reason being, [he] was in New York." *Id.* at 5; R.R. 568a. He explained that he has a part-time practice in Philadelphia. His principal client is a credit union headquartered in Newark, New Jersey. Because the City's counsel stated that he was going to be out of the office the week of July 18th, Taxpayers' counsel did not expect to be called for trial and was not "looking for telephone calls on one day notice[.]" *Id.* at 11; R.R. 569a. Taxpayers requested the trial court to open the record to permit the presentation of evidence in response to the City's case. In the alternative, Taxpayers requested a new trial.

The City's counsel responded that he did not list July 21, 2016, as a date he would be unavailable for trial. He did not deny the conversation described by Taxpayers' counsel but stated that he could "not recall the exact content of this conversation" or when it occurred. R.R. 554a. The City claimed that a new trial would be prejudicial because of the City auditor's limited availability.

5

The trial court denied Taxpayers' motion for post-trial relief. The trial court reasoned that the parties understood the court's procedures. Counsel were not at liberty to decide themselves on the trial date. Accordingly, the trial court had the discretion to proceed with trial and did so. Taxpayers appealed to this Court.

On appeal,[4] Taxpayers raise two issues.[5] First, Taxpayers contend that the trial court erred and abused its discretion in denying their request for a continuance and their post-trial motion for a new trial, which denied them due process. Second, Taxpayers contend that the trial court erred in holding Buoncristiano, a corporate officer, liable for liquor taxes imposed on Albert's Restaurant because he was not a vendor of alcoholic beverages.

In their first issue, Taxpayers contend that the trial court erred in denying their request for a new trial, which violated their right to due process. Moreover, the trial court abused its discretion in denying their request for a one-day continuance of trial.

Taxpayers explain that Pennsylvania courts "have repeatedly held that a trial court's denial of a short continuance is an abuse of discretion." Taxpayers' Brief at 20. A continuance of 24 hours is short. They also note that there is no record evidence that, in fact, the court's administrative staff gave the parties "24 hours' notice by phone," as asserted by the trial court. N.T., 8/17/2016, at 4; R.R. 567a. Taxpayers contend that there was a breakdown in the court's communication system, as evidenced by the fact that neither party was present when the case was

---

[4] This Court's scope of review, when reviewing an order denying a motion for post-trial relief, is to determine whether the trial court abused its discretion or committed an error of law. *City of Philadelphia v. Petherbridge*, 781 A.2d 263, 265 n. 6 (Pa. Cmwlth. 2001).

[5] For purposes of clarity, we combine two of Taxpayers' issues, *i.e.*, that the trial court erred and abused its discretion in denying their request for a continuance of the hearing and their request for a new trial.

called for trial at 9:30 a.m. on July 21, 2016. The City responds that Taxpayers waived the issue of the denial of the continuance because they did not raise it in their post-trial motion and, further, Taxpayers did not present a valid ground for continuance.

We begin with waiver. Post-trial motions must be filed at the conclusion of a trial to preserve issues to be raised on appeal. *See* PA. R.C.P. No. 227.1. "Issues not raised in a timely post-trial motion will be deemed waived." *State Farm Fire and Casualty Company v. JPC Group, Incorporated*, 157 A.3d 1, 5 (Pa. Cmwlth. 2017).

Here, Taxpayers filed a timely post-trial motion arguing that, due to a misunderstanding of their counsel, they were unable to appear for trial on July 21, 2016, and present a defense. Taxpayers sought a new trial, judgment notwithstanding the verdict or leave to reopen the record. Taxpayers did not explicitly challenge the trial court's denial of a request for a one-day continuance. However, Taxpayers did state in their post-trial motion:

> [Taxpayers'] counsel informed the [trial court] that he was unable to appear in court on July 21, 2016 but was available to be in Courtroom 636 the following morning at 9:00 a.m.

Taxpayers' Post-Trial Motion ¶7; R.R. 546a. Likewise, the post-trial motion specifically stated that James Berardinelli, Esq. appeared in court on Taxpayers' behalf.[6] *Id.* at ¶11; R.R. 547a. Finally, the City concedes that Taxpayers requested a continuance on the day of the trial. City's Brief at 22 ("… [Taxpayers']

---

[6] Taxpayers explained that their counsel arranged for Berardinelli to appear at trial and request, "if possible, [trial] can begin tomorrow as opposed to today." N.T., 7/21/2016, at 4; R.R. 230a. The trial court inquired of Berardinelli if he was present to request to have the matter continued, to which he replied, "I guess that's probably the safest way to phrase it." *Id.* at 5; R.R. 231a.

continuance request made on the day of trial."). Taxpayers' request for a continuance on the day of trial preserved the issue and, thus, we reject the City's waiver argument.

Courts will reverse the denial of a continuance only if the trial court "has abused its discretion." *Commonwealth v. Paddy*, 15 A.3d 431, 470 (Pa. 2011). The trial court believed that both parties were notified by voicemail that the trial would start at 9:30 a.m., on July 21, 2016. However, neither party appeared when the case was called for trial.

The Pennsylvania Rules of Civil Procedure specify what must happen when the parties do not appear for trial. Specifically, Rule 218 states as follows:

> (a)    Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, *the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.*
>
> (b)    If without satisfactory excuse a defendant is not ready, the plaintiff may
>
>> (1)    proceed to trial, or,
>>
>> (2)    if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.
>
> (c)    A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

PA. R.C.P. No. 218 (emphasis added).

Here, because neither the City nor Taxpayers appeared for trial at the appointed hour, under Rule 218(c) both parties were to be deemed "not ready without satisfactory excuse." PA. R.C.P. No. 218(c). As a result, the trial court

8

should have entered a non-suit or *non pros* against the City. Instead, the trial court "coaxed" the City to put on its case three hours later in spite of knowing that Taxpayers' counsel was out-of-state. In short, the trial court allowed the City to escape a non-suit, to the detriment of Taxpayers, notwithstanding the fact that neither party was present when the case was called.

Abuse of discretion is more than a simple error of judgment; rather, abuse of discretion requires the showing of a manifestly unreasonable judgment. This Court has elaborated on abuse of discretion as follows:

> Judicial discretion, broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him. *As a guide to judicial action, it means a sound discretion exercised with due regard for what is right and equitable under the circumstances and under the law.* Abuse of discretion is not merely an error of judgment; however, if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Korn*, 467 A.2d 1203, 1205 (Pa. Cmwlth. 1983) (emphasis added). We conclude that it was manifestly unreasonable to deny Taxpayers' request for a very short continuance while granting the City a continuance so that it could proceed on its case without the presence of Taxpayers.

Taxpayers also assert that their counsel proffered a satisfactory excuse to explain his absence from trial. The City responds that Taxpayers' counsel's failure to appear at trial was part of a well-documented pattern of misconduct. City's Brief at 12. In denying Taxpayers' post-trial motion for a new hearing, the trial court explained as follows:

> Mr. Sosnowski, Mr. Cullin, I think you are both aware that the manner in which our civil cases are handled provides ample

9

opportunity for all parties to provide the Court with conflict dates. It's tightly controlled and it cannot be governed by the attorneys who appear in this Court. They are not at liberty to arrange between themselves what dates a case will be heard.

For that reason, for cases such as this, we have a 24 hour notice rule. That rule was observed in this matter, perhaps to the dismay of Mr. Sosnowski. You are not a stranger to our civil case management system, sir.

N.T., 8/17/2016, at 17; R.R. 571a. In its opinion, the trial court stated that, "[Mr. Sosnowski's] informal conversation [did] not supplant the procedures [outlined] by Philadelphia County's Local Rules and [did] not excuse his failure to check his voicemail." Trial Court 1925(a) Op. at 6.

The comment to Rule 218 states, in relevant part, as follows:

A decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear.

PA R.C.P. No. 218, Comment. Case law precedent has established guidance on when a court should grant a new trial where a party's counsel does not appear. We have identified the factors that should be considered:

(1) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; (2) whether the failure to appear was inadvertent; (3) whether the court attempted to contact counsel; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the court gave any consideration to lesser sanctions.

*Williams ex. rel. Williams v. School District of Philadelphia*, 870 A.2d 414, 416 (Pa. Cmwlth. 2005) (citing *Shin v. Brenan*, 764 A.2d 609 (Pa. Super. 2000)). Courts review an attorney's absence by considering the extent to which these circumstances are relevant.

10

In its Rule 1925(a) opinion, the trial court noted that Taxpayers' counsel had been sanctioned $100 for not submitting a settlement memorandum on time. The trial court found that counsel's late appearance at the settlement and concomitant late filing of the settlement memorandum constituted a pattern of misconduct that was capped by counsel's failure to appear at trial. We disagree.

It is not clear that tardiness is even "misconduct." However, the tardiness of counsel related to a single matter, the settlement conference. There is no "pattern" in being late for a settlement conference and not appearing at a trial for which notice was not received.

The trial court further stated in its opinion that Taxpayers' failure to appear at trial was deliberate, not inadvertent, because their counsel did not listen to his voicemail on July 20, 2016. The trial court stated that both counsel were given 24 hours' notice "via voicemail," but this assumption is not supported by record evidence. Trial Court 1925(a) op. at 2. No witness from the court's administration testified about this telephone call. The identity of the caller, the time of the call, the number called, or the content of the message remain unknown.[7] Without a record or relevant findings of fact, the trial court's assertion that Taxpayers' counsel was deliberately absent lacks a foundation in the record. Rather, it appears that Taxpayers' counsel, as was the case with the City's counsel, did not know the trial would take place on the morning of July 21, 2016.

The City asserts that a new trial would be prejudicial because its field auditor is difficult to schedule. This rings hollow because the auditor has to be ready to appear on short notice in any tax case placed on the fast track.

---

[7] Likewise, the trial court did not make a factual finding about whether the City's counsel, as claimed by Taxpayers, had stated to Taxpayers' counsel that he would be unavailable the week of July 18, 2016.

11

Finally, the trial court has an interest in controlling its docket. However, other, less severe, sanctions were available to advance this interest, but, apparently, were not considered.

Having considered all the circumstances, we find that Taxpayers' counsel proffered a satisfactory explanation for his absence at trial. Thus, the trial court abused its discretion in failing to grant Taxpayers a new trial.

For the foregoing reasons, we vacate the trial court's order denying Taxpayers' motion for post-trial relief and remand this matter for a new trial.[8]

_____
MARY HANNAH LEAVITT, President Judge

---

[8] In light of this Court's disposition, we need not address Taxpayers' remaining argument that the trial court erred in holding Buoncristiano was liable for the corporation's liquor sales taxes.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1647 C.D. 2016 |
| | : | |
| Albert's Restaurant, Inc. | : | |
| and Albert Buoncristiano, | : | |
| Appellants | : | |

# **O R D E R**

AND NOW, this 4th day of December, 2017, the orders of the Philadelphia County Court of Common Pleas dated July 22, 2016, and August 17, 2016, are hereby VACATED and this matter is REMANDED for a new trial on the City of Philadelphia's Complaint.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge