J-S61031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLOTTE OLIPHANT-JOHNS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GOOD DEAL REMODELING | : | No. 1131 EDA 2017 |

Appeal from the Order Dated February 17, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160901913

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA,J.                     **FILED FEBRUARY 01, 2019**

Appellant, Charlotte Oliphant-Johns, appeals *pro se* from the order of the Philadelphia Common Pleas Court, which denied her motion to reinstate her appeal of an adverse Municipal Court decision in this breach of contract dispute, for failure to comply with multiple provisions of the case management order.[1] The trial court concluded that Appellant failed to demonstrate good cause for her omissions. We affirm.

In the underlying case, Appellant Oliphant-Johns brought a small claims suit against defendant/Appellee, Good Deal Remodeling, alleging breach of contract in the performance of a kitchen-remodeling project. Appellant had

_____

[1] An order denying a motion to reinstate an appeal is a final order for purposes of appeal. ***See Anderson v. Centennial Homes, Inc.,*** 594 A.2d 737, 739 n. 2 (Pa. Super. 1991).

accepted Appellee's bid to renovate her kitchen at a quoted price of $7,000. She made an initial down payment of $5,200. After a year, Appellant was dissatisfied with the work (or lack of it) and sued for $12,000.

After a hearing, the Municipal Court decided in favor of Appellee. Appellant timely appealed to the Court of Common Pleas. However, she failed to serve a copy of her notice of appeal and the case management order, as specified in the case management order itself. She also failed to file a complaint as specified in the case management order, and required by the rules of civil procedure. The trial court struck the appeal on the praecipe of Good Deal Remodeling, and, after a hearing, denied Appellant's motion to reinstate the appeal. This timely appeal followed.

Appellant raises two questions for our review. We reproduce them verbatim:

> 1. May I have an authority read over my complaint and evidence in support of my claim submitted to small claims court first filing. The Lower Court looked upon it as trivial.
>
> 2. Are Pennsylvania consumer protection laws real laws that are enforceable to the extent, enough to exert their influence on this High Court to help bring me to justice?

Appellant's Brief, at unnumbered page 4.

Preliminarily, we recognize that Appellant appeals *pro se*, and has represented herself through most of the previous proceedings. However, Appellant still has the burden of proving her case on appeal under traditional legal principles.

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing."

***O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa. Super. 1989) (brackets in original, citations omitted).

In this appeal, Appellant's brief is substantially non-compliant with our Rules of Civil Procedure. For example, neither of Appellant's questions actually present a proper claim of trial court error or abuse of discretion. This is a Court of error correction. Even though Appellant's dissatisfaction with the remodel is self-evident, her brief fails to focus on any legal issues which would entitle her to relief. In particular, she does not address the reasons for the decision of the trial court, namely, her failure to prove good cause for not complying with the requirements stated in the case management order. It is our duty to be impartial. We cannot become Appellant's counsel.

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted).

Moreover, Appellant's claims do not merit legal relief. After losing her case in Municipal Court, Appellant filed a notice of appeal but as already noted, failed to serve a copy of her notice of appeal or file a complaint. After her

appeal was stricken, Appellant moved to reinstate her appeal, which the court denied. We review the trial court's denial of reinstatement for an abuse of discretion. *See Shin v. Brenan*, 764 A.2d 609, 610 (Pa. Super. 2000). "An abuse of discretion is more than an error of judgment; it occurs when 'the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will.'" *Id.* (citation omitted).

Here, Appellant simply fails to plead or prove an abuse of discretion. On independent review, we find none. It was the role of the Municipal Court sitting as fact finder to weigh the evidence presented and accept all, part or none of it, as well as to assess the credibility of the witnesses. *See Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 888 (Pa. Super. 2006). On the available record, it is apparent that the trial court gave Appellant a full and fair hearing on her claims. We understand that Appellant is dissatisfied with the result. Nevertheless, without proof of trial court error or abuse of discretion, she is not entitled to a re-trial. Appellant had the burden to prove her case at the first trial. To prevail on appeal, she had to prove an error of law or an abuse of discretion. She did not do this. Appellant's claims do not merit relief.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Bowes concurs in the result.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/19